UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RASHEED MINGUES,                          :
    *Plaintiff*,                          :           CASE NO. 3:25-CV-1620 (KAD)
                              :
v.                          :
                              :
ROBERT GREENE, JR.,                          :
    *Defendant*.                          :           APRIL 7, 2026

**INITIAL REVIEW ORDER**

Kari A. Dooley, United States District Judge:

Rasheed Mingues ("Plaintiff"), a federal inmate currently incarcerated at Danbury Federal Correctional Institution ("FCI Danbury"), filed the Complaint *pro se* bringing claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*") against Defendant Robert Greene, Jr., a medical provider at FCI Danbury.  *See* Compl., ECF No. 1. Plaintiff alleges that Defendant Greene was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  *See id.*  For the reasons that follow, and pursuant to 28 U.S.C. § 1915, the Court concludes that the Complaint must be **DISMISSED without prejudice**.

**Allegations**

The Court does not set forth all of the facts alleged in the Complaint.  Instead, it summarizes Plaintiff's basic factual allegations here only to give context to its ruling below.

While incarcerated at FCI Danbury, and since approximately December 13, 2024, Plaintiff "suffered from serious respiratory issues, including chronic infections of the lungs and persistent coughing [and] shortness of breath."  Compl., ECF No. 1, at ¶ 5.  Beginning October 15, 2023, Plaintiff filed multiple medical requests regarding his medical condition, known as "sick call slips" and "health service requests."  *Id.* at ¶ 9.  Plaintiff provided medical records of swollen lymph nodes and repeated, unexpected nosebleeds.  *Id.* at ¶ 6. Additionally, Plaintiff provided the medical

test results confirming "the severity of these conditions," such as an x-ray performed on January 17, 2025, which revealed inflammation of Plaintiff's lungs.  *Id.* at ¶ 7.

Plaintiff alleges that despite repeated requests and attempts to receive aid for his condition(s), Defendant Greene knowingly and unreasonably delayed, denied, or interfered with Plaintiff's access to proper medical care while incarcerated at FCI Danbury, including "refusing to schedule appointments with specialists, denying prescribed antibiotics, and providing incorrect medication."  *Id*. at ¶ 10.  As a result of Defendant Greene's deliberate indifference to Plaintiff's serious medical needs, Plaintiff suffered avoidable "permanent physical damage to his lungs, including scarring, and continues to experience chronic respiratory problems, [s]wollen lymph nodes, and nosebleeds."  *Id.* at ¶ 13.

**Standard of Review**

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a)-(b).  In doing so, the Court must assume the truth of the allegations and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Discussion**

Plaintiff seeks damages from Defendant Greene under *Bivens*. To state such a claim for relief, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). Not all constitutional violations give rise to a damages remedy under *Bivens*. Indeed, the Supreme Court has recognized a remedy for damages in only three contexts: (1) a Fourth Amendment search and seizure suit against federal narcotics officers (*Bivens*); (2) a Fifth Amendment due process suit against a congressman-employer on the grounds of gender discrimination (*Davis v. Passman*, 442 U.S. 228 (1979)); and (3) an Eighth Amendment cruel and unusual punishment suit against federal jailers for failure to provide adequate medical treatment (*Carlson v. Green*, 446 U.S. 14 (1980)). *See Ziglar v. Abbasi*, 582 U.S. 120, 132 (2017).

To determine whether a plaintiff's claim may proceed under *Bivens*, the Court must conduct a two-step analysis. *Egbert v. Boule*, 596 U.S. 482, 492 (2022). The first step asks, "whether the case presents 'a new *Bivens* context' – *i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Id*. (quoting *Abbasi*, 582 U.S. at 139). If a case arises in a "new *Bivens* context," the Court proceeds to the second step, where it considers "whether there are any special factors that counsel hesitation about granting the extension" of *Bivens* into a new context. *Hernández v. Mesa*, 589 U.S. 93, 102 (2020) (cleaned up).

"Courts considering medical claims filed under *Bivens* have routinely found variances in circumstances and severity [that] render deliberate indifference claim[s] different from *Carlson* and thus aris[ing] in a 'new context.'" *Churuk v. Canarozzi*, No. 3:22-CV-1395 (VDO), 2024 WL 2149036, at *10 (D. Conn. Apr. 2, 2024) (internal quotation mark omitted). But for purposes of

3

initial review, the "circumstances and severity" of the harm here is sufficiently similar to that in *Carlson* such that Plaintiff's claim does not arise in a new *Bivens* context. *See id.* at **10–11 (denying motion to dismiss *Bivens* claim asserting "that defendants Greene and Escobar were deliberately indifferent to [plaintiff's] medical needs when they failed to restore his prescription for Gabapentin," finding that "this claim strongly resembles the claim in *Carlson*" because "[p]laintiff is claiming deliberate indifference to medical needs by medical providers"). Accordingly, the Court now considers whether Plaintiff's allegations are sufficient to state an Eighth Amendment deliberate indifference claim.

The Eighth Amendment forbids deliberate indifference to prisoners' serious medical needs. *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). To state a claim for deliberate indifference to serious medical needs, the prisoner must allege facts satisfying two components, one objective and one subjective. *See id.*

The objective component requires the prisoner to demonstrate that the alleged deprivation of medical care was "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). The prisoner must show that he was "actually deprived of adequate medical care" by an official's failure "to take reasonable measures in response to a sufficiently serious medical condition." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006), *abrogated on other grounds as recognized by Kravitz v. Purcell*, 87 F.4th 111, 119, 122 (2d Cir. 2023). This objective showing in turn requires the Court to make two inquiries. First, the Court must determine whether the inmate was "actually deprived of adequate medical care." *Salahuddin*, 467 F.3d at 279. Second, the Court must determine "whether the inadequacy in medical care is sufficiently serious," requiring an examination of "how the offending conduct is inadequate and what harm, if any, the inadequacy has or will likely cause the prisoner." *Id*. at 280. This examination is

4

necessarily contextual and fact-specific, and differs based on whether the issue involves a failure to provide *any* medical treatment, inadequate treatment, or delayed treatment. *See Smith v. Carpenter*, 316 F.3d 178, 185–186 (2d Cir. 2003).

"[I]f the unreasonable medical care is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious." *Salahuddin*, 467 F.3d at 280 (citing *Smith*, 316 F.3d at 185–86). Deciding whether a condition is sufficiently serious requires courts to consider whether "a reasonable doctor or patient would find [it] important and worthy of comment," whether the condition 'significantly affects an individual's daily activities,' and whether it causes 'chronic and substantial pain.'" *Id*. (alteration in original) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000). If treatment is given but the inmate alleges it is inadequate, "the seriousness inquiry is narrower." *Salahuddin*, 467 F.3d at 280. The Court then focuses on the "inadequacy itself." *Valdiviezo v. Boyer*, 752 F. App'x 29, 32 (2d Cir. 2018) (summary order). If "the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* . . . rather than the prisoner's *underlying medical condition* alone" to determine whether the deprivation is objectively sufficiently serious. *Smith*, 316 F.3d at 185 (emphasis in original); *see also Robbs v. McCrystal*, No. 3:20-CV-1584 (MEG), 2023 WL 2526533, at *9 (D. Conn. Mar. 15, 2023).

Allegations constituting negligence or medical malpractice are insufficient to support an Eighth Amendment deliberate indifference claim. *Thomas v. Wolf*, F. App'x 90, 92 (2d Cir. 2020)

5

(summary order) (citing *Hathaway*, 99 F.3d at 553). "A plaintiff cannot establish a claim of deliberate indifference on a theory that the defendant failed to take some available alternative or additional diagnostic techniques or forms of treatment when the defendant's decision is based on sound medical judgment." *Clark v. Quiros*, 693 F. Supp. 3d 254, 286 (D. Conn. 2023) (noting that "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . .") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976))). Further, a patient's disagreement over the treatment provided does not rise to the level of deliberate indifference. *See Wright v. Rao*, 622 F. App'x 46, 47 (2d Cir. 2015) (summary order) (citing *Chance*, 143 F.3d at 703).

Here, turning to the objective component, Plaintiff alleges that he suffers from ongoing "serious respiratory issues, including chronic infections of the lungs and persistent coughing, [and] shortness of breath." Compl. at ¶ 5. Yet, is it unclear from the allegations set forth in the Complaint whether, and to what extent, Plaintiff might have received some treatment by Defendant Greene for his respiratory issues. Indeed, the Complaint indicates that Plaintiff received imaging of his lungs on January 17, 2025, and further alludes, at times, to Defendant Greene having "unreasonably delayed" Plaintiff's access to medical care, and provided him with "incorrect" medication." *See* Compl. at ¶¶ 7, 10. Accordingly, it is uncertain whether, in evaluating the objective component, the Court should assess the inadequacy and/or delay of the treatment Plaintiff may have received, as opposed to the seriousness of Plaintiff's medical condition itself. *See Smith*, 316 F.3d at 185–86. In short, Plaintiff's allegations do not clearly indicate whether his claims derive from the Defendant Greene's constitutionally inadequate and/or delayed treatment of Plaintiff's medical condition, or his alleged failure to provide any treatment at all. Consequently, the Court is ill-equipped to assess the sufficiency of Plaintiff's allegations, and in particular,

6

whether they satisfy the objective component of Plaintiff's deliberate indifference claim.[1]  For this reason, Plaintiff's deliberate indifference to medical needs claim must be DISMISSED without prejudice.

**Conclusion**

For all of the foregoing reasons, the Complaint, which asserts a sole claim for deliberate indifference, is **DISMISSED without prejudice**.  If Plaintiff wishes to replead his claims for deliberate indifference to serious medical needs against Defendant Greene, on or before **May 7, 2026**, he may file an Amended Complaint that clearly sets forth his theory of deliberate indifference, *i.e.*, whether such claim is premised on Defendant Greene's failure to provide any treatment for Plaintiff's medical condition, his delay in providing treatment, or the inadequacy of the treatment provided.  An Amended Complaint, if filed, will completely replace the Complaint, and the Court will not consider any allegations made in the original Complaint when evaluating any Amended Complaint.  The Court will review any Amended Complaint after filing to determine whether it may proceed to service of process.  If an Amended Complaint is not timely filed, the Clerk of Court is directed to close this case on May 8, 2026.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of April 2026.

　　　　　　　　　 */s/ Kari A. Dooley*　　　　　　
　　　　　　　　　KARI A. DOOLEY
　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] As to the subjective component, "[a]n official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety,'" which is "a state of mind 'equivalent to the familiar standard of recklessness' as used in criminal law." *Smith*, 316 F.3d at 184 (quoting *Chance*, 143 F.3d at 702); *see also Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002).  Conduct may rise to the level of deliberate indifference when the prison official's act or failure to act "evinces 'a conscious disregard of substantial risk of serious harm.'" *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (quoting *Farmer*, 511 U.S. at 839).  Here, Plaintiff's failure to sufficiently allege the objective component is fatal to his deliberate indifference claim, and as such, the Court need not assess whether the Complaint sufficiently alleges the subjective component to his claim.